In the Matter of the Claim of MAYNARD W. ROWLAND, Appellant, against 1201 PARK AVE. CORP. et al., Respondents. WORKMEN'S COMPENSATION BOARD, Respondent.— Appeal by claimant from a decision and award of the Workmen's Compensation Board. Claimant was injured while in the work of employer and there is no question about his right to compensation. He was employed by the employer part time as a janitor. He also worked part time for three other employers as a janitor. The wages of all four jobs, indicating average weekly wages of $38.09, were used by the board as a wage base. Excluded was his wage of $50 for a week of 40 hours for a printing company by which, as a fifth job, he was employed as a maintenance man. The statute (Workmen's Compensation Law, § 14, subd. 3) provides that in the certain conditions here pertinent the earnings of the employee working "in the same or most similar employment" shall be used. The issue is whether the work being done for the printing company was sufficiently similar to the work as a janitor performed for this employer to be used as a basis for the award to be charged to the employer. There are some differences in the work which led the board to hold the employment as a maintenance man for the printing company "was dissimilar" to the employment for this employer. Although a reasonable argument for similarity may be made on the facts, there is substantial evidence of dissimilarity. The maintenance work included painting, replacing cords in windows, replacing of bulbs, "a little of everything" as well as cleaning offices. When asked if it was "janitorial work" claimant said it was "more like maintenance" work. We are unable to find in the record a valid ground to interfere with the board's finding of sufficient dissimilarity to exclude this work from calculation in the wage base. Decision unanimously affirmed, without costs. Present — Foster, P. J., Bergan, Coon, Halpern and Gibson, JJ.